a

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## ALEXANDRIA DIVISION

| | |
|---|---|
| JOHN EDOS STAR #A074-886-558, Plaintiff | CIVIL DOCKET NO. 1:23-CV-00991 SEC P |
| VERSUS | JUDGE TERRY A. DOUGHTY |
| DO CAMPBELL ET AL, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a Complaint filed by pro se Plaintiff John Edos Star ("Star") pursuant to 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Star is an immigration detainee at the Farmville Detention Center in Farmville, Virginia. He names as Defendants Deportation Officer Campbell, the Department of Homeland Security ("DHS"), Warden Jody Floyd, and Winn Correctional Center ("WCC").

Because Star fails to state a viable claim, his Complaint should be DENIED and DISMISSED WITH PREJUDICE.

## I.    Background

Star alleges that Deportation Officer Campbell physically and verbally assaulted him on June 5, 2023, while he was incarcerated at WCC. Star claims that Officer Campbell pushed and punched him. He was escorted to the WCC medical clinic and then transported to Winnfield Healthcare Center. ECF No. 1 at 5. Star

1

asserts that he suffered a contusion, a broken and dislocated rib, and pulled muscles from the assault. *Id.*

Star alleges that Defendant DHS and Campbell are liable to him under *Bivens,* and Warden Floyd and WCC are liable to him under § 1983.

## II.    Law and Analysis

### A.    Star's Complaint is subject to preliminary screening.

Because Star is suing officers or employees of a governmental entity and proceeding *in forma pauperis*, his Complaint is subject to preliminary screening under 28 U.S.C. § 1915A and § 1915(e)(2).  Both statues provide for sua sponte dismissal of a complaint, or any portion thereof, if a court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory."  *Id.* at 327.  A claim is factually frivolous if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'"  *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).  A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

**B.**     <u>Star fails to state viable civil rights claim against Warden Floyd and WCC.</u>

Section § 1983 entitles an injured person to money damages if a state official violates his or her constitutional rights. *See Ziglar v. Abbasi*, 137 S. Ct. 1843, 1855 (2017). Star alleges that Warden Floyd and WCC are liable as Star's custodians for the actions of Deportation Officer Campbell.

First, Star cannot state a viable claim against WCC. Prisons and jails are not "persons" subject to liability for the alleged constitutional violations of those who work there. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58 (1989). A prison is "not an entity, but a building." *See Wetzel v. St. Tammany Parish Jail*, 610 F. Supp. 2d 545, 549 (E.D. La. 2009) (dismissing claims against parish jail); *Jones v. St. Tammany Parish Jail*, 4 F.Supp.2d 606, 613 (E.D. La. 1998) (dismissing the St. Tammany Parish Jail with prejudice); *Dale v. Bridges*, No. 3:96-CV-3088, 1997 WL 810033 at *1 n. 1 (N.D. Tex. 1997) (Dallas County Jail is not an entity capable of being sued); *see also Townsend v. Asumah*, 1:10-CV-123, 2011 WL 1357487, at *1 (N.D.W. Va. 2011), *report and recommendation adopted*, 2011 WL 1357484 (N.D.W. Va. 2011) (dismissing U.S. Penitentiary–Hazelton as a *Bivens* defendant); *Preval v. Reno*, 203 F.3d 821 (4th Cir. 2000) (unpublished) (a jail is not a person amenable to suit).

Next, Star's implication that Warden Floyd has any authority or involvement in the actions of a federal deportation officer is conclusory. The Court does not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions.

3

*See Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (*citing Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)).

Moreover, a supervisory official cannot be held liable pursuant to § 1983 under any theory of respondeat superior or just because an employee or subordinate allegedly violated a plaintiff's constitutional rights. *See Alton v. Tex. A&M Univ.*, 168 F.3d 196, 200 (5th Cir. 1999); *see also Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002) ("Section 1983 does not create supervisory or respondeat superior liability."). A defendant would be liable under § 1983 only if he was "personally involved in the acts causing the deprivation of his constitutional rights or a causal connection exists between an act of the official and the alleged constitutional violation." *Douthit v. Jones*, 641 F.2d 345, 346 (5th Cir. 1981); *see also Watson v. Interstate Fire & Cas. Co.*, 611 F.2d 120, 123 (5th Cir. 1980). Star alleges neither personal involvement by Warden Floyd nor a causal connection. Thus, Warden Floyd cannot be liable simply because he is the warden and custodian.

    C.    <u>Star fails to state a viable *Bivens* claim.</u>

Although § 1983 entitles an injured person to money damages for the violation of constitutional rights by a state official, Congress did not create an analogous statute for federal officials. *See Abbasi*, 137 S. Ct. at 1855. An implied damages remedy against federal officials in their individual capacities for the violation of an individual's constitutional rights was first recognized in *Bivens*.

The United States Supreme Court "has approved of an implied damages remedy under the Constitution itself" only three times – in *Bivens*, to enforce "a

damages remedy to compensate persons injured by federal officers who violated the prohibition against unreasonable search and seizures" in violation of the Fourth Amendment; in *Davis v. Passman*, 442 U.S. 228, holding "that the Fifth Amendment Due Process Clause gave [a Congressman's administrative assistant] a damages remedy for gender discrimination"; and in *Carlson v. Green*, 446 U.S. 14 (1980), holding "that the Eighth Amendment Cruel and Unusual Punishments Clause gave [a prisoner] a damages remedy for failure to provide adequate medical treatment." *Abbasi*, 137 S. Ct. at 1854-55 ("These three cases—*Bivens*, *Davis*, and *Carlson*— represent the only instances in which the Court has approved of an implied damages remedy under the Constitution itself.").

The Supreme Court has developed a two-part test to determine if a *Bivens* claim may proceed. *Abbasi*, 137 S. Ct. at 1843. Because *Bivens* is a judicially crafted remedy, and not a statutory one like § 1983, courts should consider: (1) whether the case "presents a new context" and, if it does; (2) whether "there are any special factors that counsel hesitation about granting the extension." *Byrd v. Lamb*, 990 F.3d 879, 881 (5th Cir. 2021) (finding "the *Bivens* question is antecedent" to other issues in a case, including qualified immunity (internal quotations and citations omitted)). The Supreme Court has also strongly counseled against extending *Bivens* to new contexts, *Hernandez v. Mesa*, 140 S. Ct. 735, 744 (2020), and has repeatedly held that such extensions are "a 'disfavored' judicial activity." *Abbasi*, 137 S. Ct. at 1857; *see also Oliva v. Nivar*, 973 F.3d 438, 442 (5th Cir. 2020) ("*Bivens* was the product of an

'ancient regime' that freely implied rights of action" and that "ended long ago."), *cert. denied*, 141 S.Ct. 2669 (2021).

For purposes of implying a damages remedy under the Constitution, a proposed *Bivens* claim is "new" if the "case is different in a meaningful way from previous *Bivens* cases" in which the Supreme Court had recognized a *Bivens* remedy. *Abbasi*, 137 S. Ct. at 1859. "Virtually everything else is a 'new context' " and the "understanding of a 'new context' is broad" . . . "because 'even a modest extension' of the *Bivens* trilogy 'is still an extension.'" *Oliva*, 973 F.3d at 442 (citations omitted). In short, "the proper test is whether the case differs in a meaningful way from *Bivens*, *Davis*, or *Carlson*." *Canada v. United States*, 950 F.3d 299, 307 (5th Cir. 2020) (citing *Abbasi*, 137 S. Ct. at 1859; *Loumiet v. United States*, 948 F.3d 376, 381-82 (D.C. Cir. 2020)).

Star, a federal immigration detainee, alleges a constitutional violation by a federal deportation officer. Thus, his claim arises under the due process clause of the Fifth Amendment of the United States Constitution. *See Webb v. McQuade*, 21-CV-00254, 2022 WL 136464, at *5 (W.D. Tex. Jan. 14, 2022) (citations omitted).

But his allegations present a "new context." *Carlson* differs because it involved an Eighth Amendment claim by a convicted prisoner for failing to provide medical treatment.[1] *Bivens* differs because it enforced a damages remedy for persons injured

---

[1] *See Abbasi*, 582 U.S. at 148 (claim that warden allowed guards to abuse pre-trial detainees presented new *Bivens* context in part because the "constitutional right is different here, since *Carlson* was predicated on the Eighth Amendment and this claim is predicated on the Fifth") (citing *Carlson*, 446 U.S. at 16); *see also Stennis v. Armstrong*, 2023 WL 1319561, at *6 (N.D. Ill. Jan. 31, 2023) (case presented a new *Bivens* context distinct from *Carlson* because "the claim in that case was based on a prisoner's right to be free from cruel and unusual

by federal officers who violated the prohibition against unreasonable search and seizures in violation of the Fourth Amendment. And *Davis* differs because it gave a congressman's administrative assistant a damages remedy for gender discrimination.

In *Oliva v. Nivar*, 973 F.3d 438 (5th Cir. 2019), the Fifth Circuit dealt with alleged unreasonable seizure and use of excessive force claims against Veterans Affairs ("VA") police officers. The plaintiff contended that the VA officers had unreasonably placed him into a chokehold and arrested him after he attempted to go through security at a VA hospital. *Id.* at 440–41. The Fifth Circuit determined that the plaintiff's claim arose in a new context and dismissed his *Bivens* claims, reversing the lower court. *Id.* at 444.

Because Star presents a "new context," the Court must "contemplate whether there are 'any special factors that counsel hesitation about granting the extension.'" *Byrd*, 990 F.3d at 881. There are.

Congress has designed an alternative remedial structure under the Federal Tort Claims Act ("FTCA"). And even if the FTCA does not provide the exact relief sought, the Supreme Court has been clear that the alternative relief necessary to limit *Bivens* need not provide the exact same kind of relief *Bivens* would. *Oliva*, 973 F.3d at 444. Additionally, Star may have recourse under state law.

Finally, DHS is immune from suit under *Bivens*. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) (citations omitted); *Affiliated Prof'l Home Health Care Agency v. Shalala*, 164 F.3d 282, 286 (5th Cir. 1999).

---

punishment under the Eighth Amendment, not (as here) a pretrial detainee's right to adequate medical care under the Fifth Amendment").

### III.  Conclusion

Because Star fails to state a viable claim under § 1983 or *Bivens*, IT IS RECOMMENDED that the Complaint (ECF No. 1) be DENIED and DISMISSED WITH PREJUDICE under §§ 1915(e)(2)(b) and 1915A.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b).  A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause.  A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Monday, December 11, 2023.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE